NO. 07-07-0027-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A
 
MAY 20, 2008
______________________________

SHANE ALLEN MCCOY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3825; HONORABLE RON ENNS, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Shane Allen McCoy, was convicted of the offenses of aggravated sexual
assault of a child and indecency with a child and sentenced to 25 years confinement and
fine of $500 on the sexual assault count and 10 years confinement and a fine of $500 on
the indecency count. The terms of confinement were to run concurrently. Appellant has
filed his appeal claiming, through four issues, that the trial court committed reversible error
by denying a motion for new trial wherein it was alleged that trial counsel provided
ineffective assistance by failing to call certain specified witnesses who were available at
the time of trial. We affirm.
Factual Background
          Appellant was charged in connection with an incident that occurred while on a family
fishing trip at Lake Meredith. The complaining witness was appellant’s then 12-year-old
step-daughter. The testimony presented by the State included April Lemming, the
managing interviewer at The Bridge Children’s Advocacy Center. Lemming testified about
the complainant’s statements about the sexual assault at the lake. Lemming further
testified about an incident that complainant told her about that occurred at complainant’s
home when appellant put his hands on complainant’s breasts while sitting on the couch
with her. Through Becky O’Neal, the sexual assault nurse examiner, the State was able
to show that an examination of complainant revealed that complainant’s hymen was torn
and had begun to heal. O’Neal further testified there was no way to tell when the hymen
had been torn, other than by the testimony of complainant. Complainant’s grandmother,
Belen, testified about her suspicions regarding appellant and about a confrontation she had
with him. According to Belen, appellant did not deny the incident, rather, appellent simply
stated he could not remember because he was drunk. 
          The complainant testified that, while she and appellant were casting a bait net along
the shore of Lake Meredith, appellant grabbed her by the “boobs” and “butt.” A short time
after the touching incident, the complainant alleged that appellant pulled his shorts down
and told her to lay on the ground. According to complainant’s testimony, when the
complainant refused, appellant, pulled complainant’s shorts down, picked her up, and then
laid her on the ground. Complainant testified that appellant then laid on top of her,
penetrating her sexual organ with his sexual organ. Complainant testified appellant stayed
on top of her for about five minutes and then she pushed him off. Complainant was
subjected to rigorous cross-examination during which appellant’s trial counsel attempted
to show that the complainant had previously made allegations about a teacher improperly
touching her and that the allegations were not true. In fact, complainant was forced to
admit as much when confronted with conflicting stories she had given. At the conclusion
of the complainant’s testimony, the State rested its case-in-chief. Appellant rested without
presenting any additional witnesses. The jury found appellant guilty of both counts.
          After the jury trial and resulting convictions, appellant filed a motion for new trial. 
The motion for new trial alleged that appellant’s trial counsel’s performance had been
deficient for failing to call certain witnesses, each of which, according to appellant, were
available at the time of trial and would have provided evidence favorable to the appellant. 
The trial court overruled appellant’s motion for new trial and it is from this ruling that
appellant appeals.
Standard of Review
          We review the granting or denial of a motion for new trial under an abuse of
discretion standard. Charles v. State, 146 S.W.3d 204, 208 (Tex.Crim.App. 2004). As the
reviewing court, we do not substitute our judgment for that of the trial court, rather we
decide whether the trial court’s decision was arbitrary and unreasonable. Id. Further, we
must view the evidence in the light most favorable to the trial court’s ruling and presume
all reasonable factual findings that could have been made against the losing party were
made. Id. Accordingly, a trial court abuses its discretion by denying a motion for new trial
only when no reasonable view of the record could support the trial court’s ruling. Id.
Ineffective Assistance of Counsel
          In the present case, we will apply the aforementioned standard of review for denial
of a motion for new trial to appellant’s contention that his trial counsel was ineffective. 
Claims of ineffective assistance of counsel are measured against the two-prong standard
of Stickland v. Washington. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986)
(adopting Strickland as applicable standard under Texas Constitution). Under the first
prong of the Strickland test, an appellant must show that counsel's performance was
"deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors
so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by
the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that
counsel's representation fell below an objective standard of reasonableness." Id. at 688. 
Under the second prong, an appellant must show that the deficient performance prejudiced
the defense. Id. at 687. The appropriate standard for judging prejudice requires an
appellant to "show that there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. A
reasonable probability is a probability sufficient to undermine confidence in the outcome." 
Id. at 694. Appellant must prove both prongs of Strickland by a preponderance of the
evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000);
McFarland v. State, 845 S.W.2d 824, 842-43 (Tex.Crim.App. 1992).
          When applying the standards of Strickland, we are mindful that, as an appellate
court, we are to be highly deferential and presume that counsel’s actions fell within the
wide range of reasonable and professional assistance. Bone v. State, 77 S.W.3d 828, 833
(Tex.Crim.App. 2002). Therefore, appellant must overcome the presumption that, under
the circumstances, the challenged action might be considered sound trial strategy. Ex
parte Ellis, 233 S.W.3d 324, 330 (Tex.Crim.App. 2007). In reviewing the conduct of trial
counsel, we are directed to analyze the totality of the representation. Thompson v. State,
9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Finally, we must remember that we are not to
make these determinations by application of hindsight. Id.
Analysis
          The totality of appellant’s argument is that trial counsel was ineffective because he 
failed to call four specific witnesses who were available at the time of trial and whose
testimony would have been beneficial to appellant. However, there are several flaws in
appellant’s arguments. 
          First, appellant’s theory completely discounts the testimony of his trial counsel at the
motion for new trial hearing. At that hearing, both lead counsel and co-counsel testified
at length about the efforts expended in investigating the case against appellant and
conducting interviews with witnesses. According to this testimony, appellant’s trial counsel
interviewed 20 witnesses and six expert witnesses. Also, trial counsel testified that the
cross-examination of the complainant had significantly compromised her credibility and that
counsel did not feel appellant’s case could get any better. This opinion was seconded by
co-counsel. Trial counsel explained that they wanted the evidentiary portion of the trial to
end on a high note for appellant and the cross-examination of the complainant was the
high note they were looking for. As such, the decision of counsel can be considered sound
trial strategy. Ellis, 233 S.W.3d at 330. 
          Second, trial counsel had valid reasons not to call the witnesses about which
appellant complains. As to Matthew McCoy, the record of the motion for new trial hearing
demonstrates that his testimony was somewhat inconsistent with the interview taken from
him at the Bridge Children’s Advocacy Center. Additionally, there are questions regarding
the perception the jury would have of Matthew’s testimony, such as his motive for
testifying, his ability to comprehend the events of this case, and the effectiveness of a nine-year-old defending his father. The record reflects that trial counsel’s decision to refrain from
calling Matthew was based on a number of different factors. All of these factors are
matters within the professional judgment of trial attorneys. As such, they would all be
classified as matters of trial strategy. Id.
          Regarding the testimony of Yvonne McCoy, the record again reflects that a
conscious decision was made that the benefit of her testimony was outweighed by the
perception a jury would have of her motives for testifying. Counsel was concerned that she
would be presented as defending her breadwinner against her daughter. Therefore, the
decision not to call her as a witness can be accurately described as trial strategy. Id.
          Leo Ramos’s testimony was presented via an affidavit in which he stated that he
was present when his wife, Belen, had her encounter with appellant. Ramos said that
appellant did not say he was drunk and could not remember what happened on the night
in question. However, during the motion for new trial hearing, there was affirmative
testimony of trial counsel that the affidavit of Ramos was completely at odds with how trial
counsel’s investigation before trial revealed Ramos would testify. Specifically, trial counsel
testified that Ramos had, before trial, never indicated that appellant did not make the
statements that Ramos’s wife, Belen, attributed to him. Further, the State produced
evidence that Ramos had told the prosecutors that he was present when appellant made
the statements to his wife and had heard appellant admit he had been drinking while taking
his medication and, therefore, did not remember what had occurred on the evening in
question. The record does not support any conclusion that Ramos’s testimony would have
been beneficial to appellant. Therefore, a decision to refrain from calling Ramos would not,
even if assumed to be deficient for Strickland purposes, have prejudiced appellant. 
Strickland, 466 U.S. at 694. 
          Regarding the testimony of Nell Yocum, trial counsel testified that Yocum’s
statements to him were not as definitive as those made in the affidavit produced at the
motion for new trial hearing. Additionally, much of the affidavit testimony would have been
subject to objection by the State and its ultimate admissibility is far from certain. See Tex.
R. Evid. 412. Therefore, the decision not to call Yocum can, like the other witnesses, be
fairly attributable to trial strategy. Ellis, 233 S.W.3d at 330.
          Because the decisions made by trial counsel were either part of a trial strategy or
did not prejudice the appellant, we cannot say that the trial court abused its discretion in
denying appellant’s motion for new trial. Charles, 146 S.W.3d at 208. Because the trial
court did not abuse its discretion, we overrule appellant’s issues.
Conclusion
          Having overruled appellant’s issues, we affirm the judgment of the trial court.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish.